**WORLD PLAN EXECUTIVE COUNCIL–UNITED STATES, et al., Relators,**

v.

**COUNTY OF RAMSEY, Respondent.**

No. C4–96–1425.

Supreme Court of Minnesota.

March 20, 1997.

Robert A. Hill, Minneapolis, for Relators.

Ramsey County Attorney's Office, David F. MacMillan, Assistant Ramsey County Attorney, St. Paul, for Respondent.

---

OPINION

BLATZ, Justice.

This case comes to us on certiorari from the Minnesota Tax Court pursuant to Minn. Stat. § 271.10 (1996), and Minn.R.Civ.App.P. 116.01–.06. The Maharishi School of Vedic Sciences-Minnesota, a successor to the World Plan Executive Council, filed a petition in the tax court appealing Ramsey County's denial of a property tax exemption for the years 1993 and 1994. The property is located at 266 Summit Avenue, St. Paul, Minnesota. The tax court denied the exemption, finding that the Maharishi School was not a purely public charity. We affirm.

The Maharishi School, a local chapter of a national organization, is dedicated to teaching the philosophical ideas and ideals of the Maharishi Mahesh Yogi and, more particularly, Transcendental Meditation. Both the local organization and its parent are exempt from federal income tax pursuant to § 501(c)(3) of the Internal Revenue Code.

The property that is the subject of this appeal was purchased in April 1993 to be used as a school and training center. The property, formerly a residence, has 20 rooms, most of which have been converted to lecture halls.

The Maharishi School's stated objectives are:

a. To develop the full potential of the individual,

b. To improve governmental achievements,

c. To realize the highest ideal of education,

d. To eliminate the age-old problem of crime and all behavior that brings unhappiness to the family of man,

e. To maximize the intelligent use of the environment,

f. To bring fulfillment to the economic aspirations of the individual and society, and

g. To achieve the spiritual goals of mankind in this generation.

Since 1972, the Maharishi School has offered seminars on transcendental mediation techniques which are taught by volunteers. In the course of about 24 years, approximately 50,000 people have attended at least one of these seminars. There is no charge for the seminars, but donations are encouraged. The seminars are offered six times weekly and last about one to one-and-a-half hours. On average, attendance at a lecture is approximately eight people.

In addition to the seminars, the Maharishi School offers programs with graded courses. A tuition fee is charged for the graded programs and approximately 15,000 people have enrolled in such programs since 1972. Tuition at the Maharishi School ranged between $120 to $3,800, depending on the course, during the years at issue.

At the tax court hearing, the bulk of the Maharishi School's case consisted of testimony offered by several enrollees of the programs. Among those testifying was Tom Lane, a professor of art at the University of Minnesota, who said he took meditation courses and other advanced courses that reduced his stress and allowed him to be "ex- tremely creative." Kevin Cashman, president of a consulting firm, Market Share, testified that he "benefitted personally over the years" from taking Maharishi School courses and had referred between seven and ten employees and clients to the Maharishi School programs. William Fox, a University of Minnesota student, testified that he had attended free seminars and then took a course. He said he "received a lot of psychological benefit in terms of stress management, and therefore, physical benefit." Fox said he slept and ate better. Mary Rogers, a realtor, testified that she took a seminar and other courses free of charge and that the teachings helped her "feel a great sense of calmness and inner peace." Jacqueline Reisberg, a 70–year–old retired classical singer and teacher at the school, testified that she and her family practice transcendental meditation. She credited transcendental meditation with enabling her to begin singing and performing again after her body was experiencing the residual effects of polio.

Our review of tax court decisions is limited by statute to determining: 1) whether the tax court lacked jurisdiction; 2) whether the tax court's decision was supported by the evidence or conformed with the law; or 3) whether the tax court made an error of law. *Questar Data Sys., Inc. v. Commissioner of Revenue*, 549 N.W.2d 925, 927–28 (Minn. 1996) (citing *Homart Dev. Co. v. County of Hennepin*, 538 N.W.2d 907, 910 (Minn.1995)). "Where sufficient evidence exists upon which the tax court could reasonably base its conclusion, this court will uphold the tax court decision." *Chateau Community Hous. Ass'n, Inc. v. County of Hennepin*, 452 N.W.2d 240, 242 (Minn.1990). The "[d]etermination of whether sufficient evidence exists rests on the particular facts of each case." *Id.* at 243 (citation omitted).

The issue presented in this case is whether there is sufficient evidence upon which the tax court could reasonably base its decision to deny the Maharishi School a property tax exemption.

All property is presumed taxable, and the burden is on the party seeking exempt status to prove entitlement to the claimed exemp-

tion. *Junior Achievement of Greater Minneapolis, Inc. v. State,* 271 Minn. 385, 387, 390, 135 N.W.2d 881, 883, 885 (1965). Minnesota Statutes, section 272.02, subdivision 1(6) provides generally that institutions of "purely public charity" are exempt from taxation.

This court defined "charity" in *Junior Achievement:*

> The legal meaning of the word "charity" has a broader significance than in common speech and has been expanded in numerous decisions. Charity is broadly defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering, or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public works, or otherwise lessening the burdens of government.

*Id.* at 390, 135 N.W.2d at 885 (footnotes and second set of internal quotations omitted).

Ten years later, in *North Star Research Inst. v. County of Hennepin,* 306 Minn. 1, 236 N.W.2d 754 (1975), this court established the following factors as guidelines for determining whether an institution qualifies as a purely public charity for purposes of a property tax exemption:

> (1) whether the stated purpose of the enterprise is to help others without immediate expectation of material reward;

> (2) whether the organization seeking exemption is supported, in whole or in part, by donations and gifts;

> (3) whether recipients of the charitable benefits are required to pay, in whole or in part, for the assistance they receive;

> (4) whether the income received from gifts and donations and charges to users produces a profit for the organization;

> (5) whether the beneficiaries of the charity are restricted or unrestricted and, if restricted, whether the class of persons to whom the benefits are available has a reasonable relationship to the charitable objectives; and

> (6) whether dividends, in form or in substance, or assets upon dissolution are available to private interests.

*Id.* at 6, 236 N.W.2d at 757.

Since *North Star,* this court has interpreted the fifth *North Star* factor as including the "lessening the burdens of government" language from *Junior Achievement* as an additional subfactor to consider in determining if the property is to be tax exempt. *White Earth Land Recovery Project v. County of Becker,* 544 N.W.2d 778, 781 (Minn. 1996) (citations omitted).

The tax court concluded that the Maharishi School satisfied all of the *North Star* factors except the fifth one. Specifically, the tax court found that while the Maharishi School's offerings were useful, the school failed to meet the fifth factor's subfactor of lessening the government's burden.

The Maharishi School asserts that it lessens the burdens of government by taking "health, education, and welfare burdens off the government by ministering to the needs of the general public—both in Minnesota and worldwide." The Maharishi School also contends that tens of thousands of Minnesotans have "transformed their lives as a result of participating in the charitable activities of the School" and that the Maharishi School therefore relieves the burdens of government "by bringing [people's] hearts under the influence of education, relieving their bodies from disease, suffering or constraint, and assisting them to establish themselves for life."

The record does not support these assertions. The sparse evidence offered consisted only of anecdotal accounts by a handful of witnesses. While the Maharishi School asserts that more than 500 scientific research studies support the benefits of transcendental meditation and other offerings of the Maharishi School, these studies were not admitted into evidence at the tax court and are therefore not part of this record on appeal. *See* Minn.R.Civ.App.P. 110.01.

We hold that the tax court's decision to deny a tax exemption was supported by the evidence.

Affirmed.

GARDEBRING, Justice, concurring specially.

I concur with the result in the majority opinion, but I write separately to point out the difficulties faced by the Maharishi School in meeting its evidentiary burden in this matter.

On an issue as imprecise as whether an activity "lessens the burdens of government," the particular nature of the evidence necessary to support the claim is somewhat unclear. In many of our cases the identification of a worthy social or cultural goal appears to be sufficient, without a further showing. For example, in our recent case *White Earth Land Recovery Project v. County of Becker*, 544 N.W.2d 778 (Minn. 1996), we made no note of the type of evidence introduced in support of a determination that the Anishinabe cultural and social service project at issue there "lessened the burdens of government." We said simply that "the current activities and future plans of the Project are noteworthy: the Project provides jobs in maple sugar production and sale [sic], has developed farm cooperatives, [and] educates members of the tribe regarding cultural traditions * * *." *Id.* at 781.

Here, the School asserts that the teaching of transcendental meditation to Minnesotans has a number of beneficial effects, including "relieving their bodies from disease." Transcendental meditation, unlike the job development and education efforts of the White Earth Project, is unfamiliar to the courts and so the burden was on the School to support its assertion as to benefits. It simply did not meet that burden.

The School made several assertions about the benefits of its teachings, but failed to introduce any evidence, other than anecdotal accounts, to support these assertions. For example, the School asserted that there were over 500 scientific research studies supporting the benefits of transcendental meditation and other classes offered by the School. However, none of these studies were introduced, nor admitted, into evidence before the

tax court. They were therefore not part of the record on appeal.[1] Minn.R.Civ.App.P. 110.01. Had the Maharishi School introduced to the tax court *some* evidence of the benefits of these teachings, including perhaps some of the alleged 500 reports, I believe they would have made a difference in the outcome of this case.

The Minnesota Rules of Evidence apply in tax court proceedings. Minn.R. 8600.0300 (1995). The tax court, however, has allowed for the relaxation of these rules when, in its opinion, "the best interests of the parties involved may be thereby served or the determination of the cause expedited." Minn.R. 8600.0400.

If the scientific evidence is as strong as the Maharishi School claims, it could have had an expert testify as to the scientifically-proven health benefits of transcendental meditation and the other classes offered by the School. Had the expert relied on some of the 500 studies, they may have been admitted into evidence as well. *See* Minn.R.Evid. 703(a). With such testimony and studies in hand, a determination that the Maharishi School lessens the burdens of government would have at least been a possibility.

---

1. A transmittal to this court from the Director of the School, received after the oral argument, included copies of a number of scientific studies which appear to support the claims of the

School. However, they are, of course, not part of the evidentiary record in this matter and therefore have no bearing on our decision.